**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DORA HILL,

     Plaintiff,

     v.

PUBLIC SERVICE ELECTRIC & GAS
COMPANY *et al.*,

     Defendants.

No. 26cv2311 (EP) (MAH)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Dora Hill brings this action against Defendants Public Service Electric & Gas Company ("PSE&G"), the Jersey City Municipal Utilities Authority ("JCMUA"), and the City of Jersey City ("Jersey City") for "collectively impos[ing] excessive, duplicative, and compounding charges, including surcharges, penalties, municipal fees, and service-related assessments" on Plaintiff, which has caused her severe financial hardship and created a continuing threat to her economic stability and physical health. D.E. 1 ("Complaint" or "Compl.") at 1-2.[1]

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-2 ("IFP Application" or "IFP App."). Because Plaintiff demonstrates financial need, the Court will **GRANT** her IFP Application. The Court must also screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint *without prejudice* and allow Plaintiff **45 days** to file a proposed amended complaint.

---

[1] The Court uses the page numbers automatically generated by CM/ECF for the Complaint.

## I.    LEGAL STANDARD

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Accordingly, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

2

II.    ANALYSIS

A.    **The Court Will Grant Plaintiff's IFP Application**

Plaintiff states that her only source of income is approximately $1,450 in public assistance per month, while she has $2,042 in monthly expenses.  IFP App. at 1-2, 4-5.[2]  In relevant part, $500 of those expenses are for utilities.  *Id.* at 4.  Having reviewed Plaintiff's IFP Application, the Court determines that she has "establish[ed] that [she] is unable to pay the costs of [her] suit." *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's IFP Application.

B.    **Plaintiff's Complaint Fails to Survive the Court's Screening**

Plaintiff alleges violations of her First, Fifth, and Fourteenth Amendment rights under the United States Constitution as well as a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101 *et seq.*  Compl. at 4-5.  Plaintiff brings the first three counts of the Complaint— (1) a takings claim, (2) a procedural due process claim, (3) a first amendment claim—under 42 U.S.C. § 1983, while Count IV is Plaintiff's ADA claim brought under that statutory scheme.  *Id.* at 4-5.

A plaintiff may have a cause of action under § 1983 for violations of their constitutional rights.  § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

"Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

---

[2] The Court uses the page numbers automatically generated by CM/ECF for Plaintiff's IFP Application.

was committed or caused by a person acting under color of state law." *Pritchett v. Glob. Tel Link Corp.*, No. 20-14355, 2021 WL 1811665, at *3 (D.N.J. May 6, 2021) (first citing *West v. Atkins*, 487 U.S. 42, 48 (1988); then citing *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994)).

To state a claim under Title II of the ADA, a plaintiff must demonstrate that they:  (1) are a qualified individual; (2) with a disability; and (3) were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability.  *Durham v. Kelley*, No. 21-3187, 2023 WL 6108591, at *2 (3d Cir. Sept. 19, 2023).

For the reasons explained below, Plaintiff fails to state a claim on any count against any Defendant.  Therefore, the Court will **DISMISS** the Complaint.

### 1.    *Plaintiff's § 1983 claims brought against PSE&G are dismissed*

Only state actors are subject to suit under § 1983.  *Rhett v. Evans*, 576 F. App'x 85, 87 (3d Cir. 2014) (citing *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)).  As a privately owned utility subject to significant state regulation, PSE&G is sometimes subject to suit under § 1983.  *Id.*  After reviewing the Complaint, however, it appears that PSE&G is not acting as a state actor, and therefore, is not subject to suit under § 1983.  In *Rhett*, a plaintiff sought relief pertaining to his utility bill, and the Third Circuit explained that:

> Although PSE&G is subject to state regulations, there is no sufficiently "close nexus" between New Jersey and the challenged action in this case, namely, the calculation of [plaintiff's] utility bill.  *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357 (1974) (holding that the termination of electrical services by a privately owned utility was action by a private actor and not the state, even though the utility company was subject to extensive state regulation).  Accordingly, because PSE&G did not function as a state actor in these circumstances, [plaintiff] cannot establish a claim under § 1983.

*Id.*; *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."). Like in *Rhett*, there is no particularly close nexus between PSE&G's conduct and the State of New Jersey that would raise the inference PSE&G was operating as a state actor. Therefore, the Court will **DISMISS *without prejudice*** Counts I-III of the Complaint against PSE&G.[3]

Nevertheless, because Jersey City is an arm of the State, and it appears that the JCMUA is also an arm of the state subject to suit under § 1983, the Court proceeds to consider: (1) whether Plaintiff states a claim under her § 1983 against those Defendants; and (2) whether Plaintiff states an ADA claim against any Defendant.[4]

### 2.    *Plaintiff's takings claim fails*

The Takings Clause of the Fifth Amendment provides that private property may not "be taken for public use, without just compensation," U.S. Const. amend. V, and is applicable to the states through the Fourteenth Amendment, *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210-11 (3d Cir. 2011) (citation omitted). "A taking within the meaning of the Fifth Amendment occurs when the rightful property, contract[,] or regulatory powers of the government are

---

[3] Typically, the Court would dismiss PSE&G *with prejudice* after finding it was not subject to suit under § 1983. However, the Complaint is so limited the Court cannot definitively make this determination, and therefore, it provides Plaintiff an opportunity to clarify and expand on her allegations. The Court cautions Plaintiff that the Court will dismiss PSE&G from these counts of the Complaint *with prejudice* should an amended complaint reveal that PSE&G was operating in the capacity contemplated by the Third Circuit in *Rhett*. 576 F. App'x at 87.

[4] Although the Court does not decide its screening of the Complaint on these grounds, it notes that Jersey City and the JCMUA may be immune from suit under the Eleventh Amendment of the United States Constitution. "The Eleventh Amendment protects a state or state agency from a suit brought in federal court regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Rhett*, 576 F. App'x at 88 (citing *MCI Telecomm. Corp. v. Bell Atl.*, 271 F.3d 491, 503-04 (3d Cir. 2001)).

employed to control rights or property which have not been purchased." *Id.* (quoting *Golder v. United States*, 15 Cl. Ct. 513, 518 (Cl. Ct. 1988)).

Plaintiff alleges that Defendants have constructively taken her property (her income) in violation of her Fifth and Fourteenth Amendment rights. Compl. at 1-2. Not so. Putting aside that Plaintiff has not described a taking within the meaning of the Fifth Amendment as delineated in *Hawkins*, "unlike real or personal property, money is fungible," *United States v. Sperry Corp.*, 493 U.S. 52, 62 n.9 (1989). For this reason, courts repeatedly reject claims from plaintiffs who assert that taxation is a "taking" of private property. *See Commonwealth Edison Co. v. United States*, 271 F.3d 1237, 1339 (Fed. Cir. 2001) ("[R]egulatory actions requiring the payment of money are not takings."); *Atlas Corp. v. United States*, 895 F.2d 745, 756 (Fed. Cir. 1990) ("Requiring money to be spent is not a taking of property."). The Court cannot identify a case supporting Plaintiff's theory that her income constitutes a protected property interest and that "compelled economic deprivation" in the form of requiring her to pay for utilities "acts a constructive taking of property." Compl. at 4. It declines to be the first. Accordingly, her takings claim is **DISMISSED** *without prejudice*.

### 3.       *Plaintiff's procedural due process claim fails*

In Count II, Plaintiff brings a procedural due process claim for Defendants' failure to produce adequate notice and provide her with a meaningful opportunity for her to be heard before imposing excessive charges and threatening to terminate her "protected property interests." *Id.* at 5.

The right to receive utility services may constitute a property interest cognizable under the procedural protections of the Due Process Clause. *Washington v. Phila. Gas Works*, No. 15-3745, 2016 WL 3632714, at *2 (E.D. Pa. July 6, 2016) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d Cir. 1988)). "As a constitutionally cognizable state law property interest, the interest in

6

receiving [utility] service[s] is subject to the tri-partite balancing analysis of (1) the property interest, (2) the risk of erroneous deprivation, and (3) the government's interest, articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) for a determination of what procedural safeguards are due. *Ransom*, 848 F.2d at 412 (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 17-19 (1978)).

But the Court need not engage in any balancing test because Plaintiff has failed to make the pre-requisite showing that she has been deprived of any protected interest. A plaintiff is "entitled to notice and an opportunity to be heard if, and only if, [the utility provider] decided to cancel [p]laintiff's utilities." *Carman v. PSE&G*, No. 17-382, 2017 WL 2190060, at *2 (D.N.J. May 17, 2017). Like the plaintiff in *Carman*, Plaintiff has not alleged that any of her utilities were canceled. *See* Compl. Instead, Plaintiff alleges that a *future* disruption to her electrical services would cause an immediate risk to her health due to her dependence on oxygen therapy. *Id.* at 4. This is insufficient to state a procedural due process claim. As explained in *Carman*, a plaintiff's "procedural due process protections only come into play when a utility that was previously provided is terminated." 2017 WL 2190060, at *2 (citing *Ransom*, 848 F.2d at 412). Therefore, "even viewing the [complaint] liberally to include the eventual termination of her utilities, Plaintiff fails to state a procedural due process claim . . . ." *Id.*

In sum, Plaintiff has not shown that any utility was terminated—or that she has been deprived of any other property interest—and therefore, the Court will **DISMISS** *without prejudice* her procedural due process claim.

    4.    *Plaintiff's first amendment claim fails*

In Count III, Plaintiff alleges that "Defendants' conduct imposed financial pressure and coercive billing practices that burdened Plaintiff's ability to meaningfully petition for relief regarding disputed charges." Compl. at 5.

Although it is far from clear, it seems Plaintiff is attempting to bring a retaliation claim under § 1983 predicated on her First Amendment rights. To do so, she must show that: (1) she engaged in a protected activity, (2) Defendants' retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) there was a causal connection between the protected activity and the retaliatory action. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citing *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

Plaintiff's first amendment claim fails for myriad reasons. Plaintiff does not allege that she engaged in any protected activity, that *any* retaliatory conduct was taken by any Defendant, and in turn, she cannot show any causal connection. In an amended pleading, Plaintiff would need to allege more facts to allow the Court to understand the basis of this claim. A failure to do so may result in dismissal of this claim *with prejudice* on grounds that it is frivolous or legally baseless.[5]

### 5.    *Plaintiff's ADA claim fails*

Although it is not entirely clear to the Court, it appears that Plaintiff brings a claim under Title II of the ADA for Defendant's failure to provide reasonable accommodations to ensure uninterrupted electrical service. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019) ("The ADA is divided into three titles of regulation—Title I (employers), Title II (governments), and Title III (public accommodations).").

To state a claim under Title II of the ADA, a plaintiff must allege that: "(1) [she] is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to

---

[5] As noted above, a complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch*, 67 F.3d at 1085.

discrimination by any such entity; (4) by reason of his disability." *Alvarez v. Pennsylvania*, No. 25-4941, 2025 WL 2940757, at *2 (E.D. Pa. Oct. 16, 2025) (quoting *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018)). "When determining whether an accommodation is reasonable, courts consider 'whether it alters the essential nature of the program or imposes an undue burden or hardship in light of the overall program.'" *Id.* (quoting *Doe 1 v. Perkiomen Valley Sch. Dist.*, 585 F. Supp. 3d 668, 694-95 (E.D. Pa. 2022)). "A public entity need not make 'fundamental' or 'substantial' alterations to accommodate a disabled individual." *Doe 1*, 585 F. Supp. 3d at 695 (citing *Alexander v. Choate*, 469 U.S. 287, 300 (1985)).

Plaintiff fails to state a claim. Most notably, she does not plead any facts that indicate she has been excluded from participation in or denied the benefits of any services. As mentioned above, the Complaint makes clear that Plaintiff has not lost her electricity (or any other utility) yet, and therefore, Plaintiff cannot claim she has been denied the benefit of her electricity or any public utilities. In addition, Plaintiff has not alleged any facts that raise the inference that she has been subjected to discrimination in any form or that her disability is the reason for any such discrimination. And, even if Plaintiff's electricity were to be shut off, Plaintiff does not establish that doing so would be actionable conduct under the ADA.

In sum, Plaintiff's Complaint is overwhelmingly comprised of legal conclusions that are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Should Plaintiff bring an amended complaint, she must seriously bolster her allegations to provide more facts that allow the Court to determine whether any defendant is liable for the alleged misconduct. At bottom, Plaintiff must provide facts that allow the Court to understand what each Defendant is alleged to have individually done.

### 6.    Potential exhaustion requirement

Finally, the Court notes that Plaintiff may have failed to exhaust her claims, but it lacks the information it needs to determine she has in fact failed to do so.  A court in this District previously held that a plaintiff's failure to exhaust administrative remedies before the New Jersey Board of Public Utilities ("BPU") barred its review of a case where the plaintiff challenged his energy bill from PSE&G.  *Rhett v. PSE&G Co.*, No. 11-2099, 2014 WL 523087, at *1 (D.N.J. Feb. 7, 2014), *aff'd sub nom. Rhett*, 576 F. App'x 85.  A court in New Jersey explained that a challenge to the BPU's authority must be first brought before the BPU, even when constitutional claims are implicated in the suit:

> [Plaintiff] must first exhaust these challenges in the BPU.  *See* R. 2:2-3(a)(2).[6]  The BPU's interpretation of its own regulation may obviate the need for judicial adjudication of constitutional or statutory claims.  [*Patterson Redevelopment Agency v. Schulman*, 78 N.J. 387, 396 (1979)].  Although the issue of compensation may be one of constitutional dimensions and the BPU is without jurisdiction to decide constitutional claims, the mere presence of constitutional implications does not abrogate the exhaustion requirement.  [*Id.*]  The claim should first be presented to the BPU, along with relevant factual presentations to ensure an adequate record on appeal.  *Id.* at 388.  If the final decision . . . is adverse to [plaintiff], [he] may seek review of these challenges on its appeal as of right to the Appellate Division pursuant to R. 2:2-3(a).

*Ocean Cablevision Assocs. v. Hovbilt, Inc.*, 210 N.J. Super. 626, 634-35 (Law. Div. 1986). Because Plaintiff has failed to allege any facts concerning administrative exhaustion in her Complaint, the Court cannot determine whether she has properly exhausted her remedies.  In an amended complaint, Plaintiff should allege facts (to the extent there are any) regarding her efforts

---

[6] In its current form, Rule 2:2-3(a)(2)—which concerns appeals to the Appellate Division of New Jersey Courts, provides that a party has an appeal as of right "to review final decisions or actions of any state administrative agency or officer, and to review the validity of any rule promulgated by such agency or officer . . . except that review . . . shall not be maintainable so long as there is available a right of review before any administrative agency or officer, unless the interest of justice requires otherwise."

to exhaust her administrative remedies before the BPU. A failure to exhaust may result in dismissal of this action.

## III.    CONCLUSION AND ORDER

Having considered Plaintiff's Complaint and IFP Application,

**IT IS**, on this **22nd** day of April, 2026, for the reasons set forth above,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-2, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall file Plaintiff's Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Order; and it is further

**ORDERED** that upon Plaintiff's timely filing of a proposed amended complaint, the Clerk of Court shall **REOPEN** this case; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send via regular mail a copy of this Order to Plaintiff.

_____
Evelyn Padin, U.S.D.J.

11